

1271 Avenue of the Americas | New York, NY 10020

Phone:  (212) 885-5130
Fax:    (917) 332-3092
Email:  mkrezalek@blankrome.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/2021

August 26, 2021

**BY ECF**
Honorable Judge Caproni
United States District Court
Southern District of New York
40 Centre Street
New York, New York 10007

Re:   <u>Sanchez v. W.P. Produce Corporation;</u> *Case No. 1:21-cv-02591-VEC*

Dear Judge Caproni,

    Defendant W.P. Produce Corporation ("Defendant") respectfully submits this letter motion for a protective order staying discovery pending the disposition of Defendant's contemplated motion to dismiss Plaintiff's (soon-to-be filed) Amended Complaint.

    Plaintiff filed his original Complaint on March 25, 2021 (ECF No. 1).  Pursuant to the Court's July 23, 2021 memo-endorsement, Defendant filed a motion to dismiss the Complaint on August 20, 2021 (ECF Nos. 13-17).  Plaintiff responded to the motion by filing a letter on August 23, 2021 (ECF No. 19), wherein plaintiff informed the Court of his intent to file an amended complaint within 21 days.   The very next day, however, Plaintiff served Defendant with onerous discovery demands, including interrogatories, document requests, and a Rule 30(b)(6) deposition notice.

    Insofar as Plaintiff's own representation confirms that the operative Complaint in this case has not even been filed yet, Defendant respectfully moves for a protective order staying discovery pending the disposition of Defendant's contemplated motion to dismiss the forthcoming Amended Complaint.

    While a motion to dismiss does not automatically stay discovery, the Court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c). *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  A pending motion to dismiss may constitute good cause for a protective order staying discovery where the defendant has made "substantial arguments" for dismissal. *Id*. at 73.  Here, as demonstrated in Defendant's motion to dismiss the original complaint, Defendant has substantial arguments that the Plaintiff lacks standing because of his failure to allege a concrete and particularized injury,

**BLANKROME**

Honorable Valerie E. Caproni
August 26, 2021
Page 2

and because the claims are moot in light of the fact that Defendant's website includes an auxiliary aid and service which addresses all of the supposed barriers that Plaintiff claims to have encountered. These arguments will apply with equal force to any amended allegations that Plaintiff may assert. What's more, in the recent case *Winegard v. Newsday LLC, No.* 19-CV-04420(EK)(RER) (E.D.N.Y. August 16, 2021), the Honorable Eric R. Komitee carefully analyzed the statutory text and context of Title III of the Americans with Disabilities Act ("ADA") as well as the history of the term "place of public accommodation and concluded that a website itself does not constitute a "place of public accommodation." The *Winegard* decision is consistent with the only Circuit Courts of Appeal to have considered the issue. Defendant intends to present this argument in its motion to dismiss Plaintiff's forthcoming amended complaint.

Because the ADA is an injunctive relief statute, Plaintiff will not be prejudiced by a stay of discovery. Conversely, Defendant will be significantly prejudiced if Plaintiff is allowed to pursue discovery at this juncture. Website accessibility lawsuits like the boilerplate Complaint filed in this action are on pace to <u>exceed 4100</u> this year, with plaintiffs' lawyers now targeting small (lower revenue) businesses (*See* Usablenet: *MIDYEAR REPORT - APP & WEB ACCESSIBILITY LAWSUITS ON TRACK FOR RECORD*).[1] As has been widely recognized—including by a group of prominent U.S. Senators—plaintiffs' lawyers are exploiting the lack of website accessibility regulatory action by the Department of Justice as an opportunity for personal gain by sending threatening demand letters and filing thousands of lawsuits against small and medium-sized businesses. (*See* September 4, 2018 Letter to A.G. Jeff Sessions).[2] The vast majority of "unnecessary and abusive" (See id.) lawsuits settle early for cost-benefit reasons. Put simply, the cost of litigating these cases typically far exceeds the amounts that plaintiffs' attorneys seek through quick settlements.[3] Plaintiff's counsel (who has filed <u>nearly 600</u> identical cases in the last two years alone) knows as much, and is attempting to run up Defendant's defense costs by serving premature discovery demands.

Defendant should not be forced to expend significant resources on responding to Plaintiff's premature discovery requests. Defendant therefore respectfully seeks a protective

---

[1] Available at https://blog.usablenet.com/midyear-report-app-and-web-accessibility-lawsuits-on-track-for-record (last accessed August 25, 2021)

[2] Available at https://www.judiciary.senate.gov/imo/media/doc/2018-10-04%20Grassley,%20Rounds,%20Tillis,%20Crapo,%20Cornyn,%20Ernst%20to%20Justice%20Dept.%20-%20ADA%20Website%20Accessibility.pdf ((last accessed August 25, 2021)

[3] The National Law Review, *ADA Website Litigation Continues to Proliferate in 2021* (June 2, 2021) (available at https://www.natlawreview.com/article/ada-website-litigation-continues-to-proliferate-2021 ); *see also* 3Play Media: *How a Web Accessibility Lawsuit is Created & Settled* (available at https://www.3playmedia.com/blog/web-accessibility-lawsuit/ )

BLANKROME

Honorable Valerie E. Caproni
August 26, 2021
Page 3

order staying discovery pending the disposition of Defendant's motion to dismiss Plaintiff's forthcoming Amended Complaint. At a minimum, discovery should be stayed until Defendant is provided with the opportunity to assess and respond to Plaintiff's amended allegations.

Respectfully submitted,

*/s/ Martin Krezalek*

Martin S. Krezalek

---

Plaintiff's response to Defendant's request to stay discovery, if any, is due no later than **Friday, September 3, 2021**.

SO ORDERED.

*[signature]*   Date: August 26, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE